[663 NYS2d 985]

In the Matter of HELENE LEAH EPSTEIN, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, July 21, 1997

#### APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn *(Mark F. DeWan* of counsel), for petitioner.

*Gentile & Benjamin,* New York City *(Howard Benjamin* of counsel), for respondent.

#### OPINION OF THE COURT

Per Curiam.

By order of the Supreme Court of New Jersey dated Febru-

ary 6, 1996, the respondent was suspended from the practice of law in New Jersey for a period of one year, effective March 1, 1996, and continuing until further order of that court.

The Grievance Committee served the respondent with a notice pursuant to 22 NYCRR 691.3 (d), informing her of her right to impose certain enumerated defenses to the imposition of discipline in New York. In her reply, dated April 12, 1996, the respondent maintained, *inter alia,* that the imposition of reciprocal discipline by this Court would be unjust. By order of this Court dated June 7, 1996, the Grievance Committee's motion to impose discipline was held in abeyance pending a hearing pursuant to 22 NYCRR 691.3 (d), and the Honorable Robert T. Groh was appointed as Special Referee to hear and report. A hearing was conducted on October 10, 1996. The Special Referee found that there was no reason why the imposition of reciprocal discipline by this Court would be unjust. The Grievance Committee now moves to confirm the report of the Special Referee and to impose such discipline upon the respondent as this Court deems just and proper. The respondent cross-moves to confirm in part and disaffirm in part the report of the Special Referee.

Based on the evidence adduced at the hearing, we conclude that the Special Referee's determination was proper.

Under the circumstances of this case, the respondent is suspended from the practice of law for a period of one year.

BRACKEN, J. P., ROSENBLATT, MILLER, O'BRIEN and RITTER, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the branch of the respondent's cross motion which is to confirm the report of the Special Referee is granted, and the motion is otherwise denied; and it is further,

Ordered that the respondent, Helene Leah Epstein, is suspended from the practice of law for a period of one year, commencing August 21, 1997, and continuing until further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of one year, upon furnishing satisfactory proof (a) that during the said period she refrained from practicing or attempting to practice law, (b) that she has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended

and resigned attorneys (22 NYCRR 691.10), and (c) that she has otherwise properly conducted herself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, the respondent, Helene Leah Epstein, shall continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law.